

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM, a married man dealing with his sole and separate claim,

Plaintiff,

v.

MARWAHA GROUP INC., a California corporation ,

Defendant.

Case No.:  26-cv-1123-GPC-BLM

**ORDER DECLINING SUPPLEMENTAL JURISDICTION**

Plaintiff Fernando Gastelum ("Plaintiff"), who uses a wheelchair to ambulate, seeks injunctive relief for Defendant Marwaha Group Inc. ("Defendant")'s alleged violations under the Americans with Disabilities Act and California's Unruh Civil Rights Act. *See* ECF No. 1 ("Compl."). Plaintiff also seeks damages under the Unruh Act. *See id.* His core grievance is that "Defendant's hotel does not have a compliant access aisle at the passenger loading zone adjacent to the hotel lobby." Compl. ¶ 7. The Court ordered Plaintiff to show why supplemental jurisdiction over the Unruh claim is proper, and he timely responded. ECF No. 7. For the reasons below, the Court DECLINES to exercise supplemental jurisdiction over the Unruh claim.

/ / /

1

## I.   LEGAL STANDARD

Federal courts may exercise supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if such a related claim exists, declining supplemental jurisdiction is appropriate when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id*. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

## II.   DISCUSSION[1]

The ADA and Unruh Act have identical substantive rules, meaning that "every violation of the ADA in California is automatically a violation of the Unruh Act." However, California has included additional remedies and requirements for disability claims. First, where the ADA permits a plaintiff to only seek injunctive relief, the Unruh Act permits a prevailing plaintiff to recover injunctive relief and at least $4,000 in damages. *See* 42 U.S.C. § 12188(a); Cal. Civ. Code § 52(a).

Additionally, in an effort to deter baseless and vexatious litigation, California enacted heightened pleading requirements for a construction-related accessibility claim under the Unruh Act. *See* Cal. Civ. Proc. Code § 425.50. California also imposed an additional $1,000 filing fee for any high-frequency litigant. *See* Cal. Gov't Code §

---

[1] The Court notes that Plaintiff did not abide to the Court's Order to Show Cause and submitted a response that was over 4 pages long. However, the Court will consider the merits despite this failure.

70616.5. High frequency litigants are defined as a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint" alleging the same. *See* Cal. Civ. Proc. Code § 425.55(b)(1). These additional requirements and fees for drafting and filing a complaint only applies in California state courts. *See Arroyo v. Rosas*, 19 F.4th 1202, 1207 (9th Cir. 2021).

Given that the sole remedy under the ADA is injunctive relief, which is already available under Unruh, the sole advantage to being in federal court seems to be avoiding state-imposed pleading requirements. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *Gastelum v. CWI 2 La Jolla Hotel LP*, No. 25-CV-2852-LL-BJW, 2025 WL 3085724, at *1 (S.D. Cal. Nov. 5, 2025). Many plaintiffs and their attorneys have attempted to capitalize on this pathway. Specifically, plaintiffs and their attorneys have flooded district courts with Unruh state claims paired with ADA claims to serve as the federal-jurisdiction foothold. *Gastelum*, 2025 WL 3085724, at *1; *Arroyo v. Rosas*, 19 F.4th 1202, 1207 (9th Cir. 2021) ("[T]he number of ADA cases filed in the U.S. District Court for the Central District of California jumped from 419 (3 percent of all civil actions filed) in 2013 to 2,720 (18 percent of civil cases) in 2018. Indeed, the trend continued in fiscal year 2019, when the number of ADA cases in the Central District increased to 3,374 (nearly 22 percent of civil cases).").

Here, Plaintiff has filed well over the 10 requisite complaints alleging a construction-related accessibility violation within the past year, making him a high-frequency litigant.[2] ECF No. 5 at 1. Plaintiff has filed dozens of construction-related

---

[2] Plaintiff argues that his counsel "has only represented two plaintiffs in ADA accessibility claims and does not meet the 10-plaintiff threshold to be an attorney high-frequency litigant." ECF No. 5 at 1. This makes reference to the fact that a high-frequency litigant can mean "[a]n attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a

26-cv-1123-GPC-BLM

accessibility cases in this district over the recent years, along with dozens more across California's three other district courts. *See Gastelum*, 2025 WL 3085724, at *1.

California has a substantial interest in protecting its citizens and businesses from abusive litigation and in preventing its own laws from unjust circumvention, which is why changes to the Unruh Act were made. The state legislature found some plaintiffs' attorneys abused the Act by targeting "small businesses on the basis of boilerplate complaints" to pursue "quick cash settlements rather than correction of the accessibility violation." Cal. Civ. Proc. Code § 425.55(a)(2). This practice also "unfairly taints the reputation of other innocent disabled consumers." *Id.* Therefore, the Court finds that the interests of comity and fairness disfavor supplemental jurisdiction over Plaintiff's Unruh claim. *See Schutza*, 262 F. Supp. 3d at 1031 ("As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.").

Additionally, Plaintiff's actions constitute forum shopping, which also disfavors supplemental jurisdiction. *See id.* ("Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims."); *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005) ("Because a legitimate function of the federal courts is to discourage forum shopping and California

---

construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(2). However, while Plaintiff's counsel does not meet the definition of a high-frequency litigant, Plaintiff himself does. *See id*. § 425.55(b)(1) (A high-frequency litigant can mean "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation").

26-cv-1123-GPC-BLM

courts should interpret California law, the Court finds that compelling reasons exist to decline supplemental jurisdiction over plaintiffs' state law claims.").

Finally, courts routinely decline supplemental jurisdiction over Unruh claims after finding they "substantially predominate" over ADA claims. *See, e.g., Rutherford v. Ara Lebanese Grill*, No. 18-cv-1497-AJB-WVG, 2019 WL 1057919, at *3–4 (S.D. Cal. Mar. 6, 2019) (listing cases). This Court finds the same. "Plaintiff and [his] out-of-state attorney are primarily seeking quick cash settlements rather than correction of any accessibility violations, a more or less shakedown that they seek to obtain through bargaining in the shadow of the Unruh Act." *Brooke v. Sesode LLC*, No. 25-cv-0676-LL-MMP, 2025 WL 1100897, at *2 (S.D. Cal. Apr. 14, 2025).

Accordingly, declining supplemental jurisdiction over Plaintiff's Unruh claim is appropriate. Plaintiff's boilerplate response to the Court's Order to Show Cause does not credibly suggest otherwise.[3] *See generally* ECF No. 5.

/ / /

/ / /

/ / /

---

[3] Plaintiff also attempts to argue that California's special procedural requirements are preempted by federal law because they provide for lesser and unequal protection of a disabled person's rights. ECF No. 5 at 5; *see* 42 U.S.C. § 12201 ("Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides *greater or equal protection* for the rights of individuals with disabilities than are afforded by this chapter." (emphasis added)). However, as held in *Arroyo* and discussed above, these heightened requirements are "aimed at limiting suits by high-frequency litigants," not disabled persons generally. *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). These requirements target abuses of the Unruh Act by a very small number of plaintiffs and plaintiffs' attorneys who "unfairly taint[] the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to." Cal. Civ. Proc. Code § 425.55; *see id*. at 1206-07. Thus, these procedural requirements do not provide lesser and unequal protections but greater or equal protections for those the laws are truly meant to protect.

26-cv-1123-GPC-BLM

## III. CONCLUSION

Accordingly, the Court DECLINES to exercise supplemental jurisdiction over the Unruh claim, which is now dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  May 12, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-1123-GPC-BLM